UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| STEPHEN EARL BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-CV-369-CEA-JEM |
| | ) | |
| ROBERT DEVEREAUX, Ph.D., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Application to Proceed in Forma Pauperis with Supporting Documentation ("Application") [Doc. 2] and his Amended Complaint [Doc. 13].

For the reasons more fully stated below, the Court **GRANTS** the Application [**Doc. 2**] and will therefore allow Plaintiff to file his Complaint without the payment of costs. The undersigned **RECOMMENDS** that the District Judge **DISMISS** the Amended Complaint [Doc. 13].

### I. DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed an Application [Doc. 2] with the required detailing of his financial condition. Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an application to proceed without paying the administrative costs of the lawsuit is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed without paying the administrative costs, the plaintiff must

show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff has little income and several liabilities and expenses. Considering Plaintiff's Application, it appears to the Court that his economic status is such that he cannot afford to pay for the costs of litigation and still pay for the necessities of life. The Court will allow Plaintiff to proceed in the manner of a pauper. The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II. RECOMMENDATION AFTER SCREENING THE COMPLAINT

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints. 28 U.S.C. § 1915.[1] To accomplish this end, the Court must evaluate the litigant's indigence, but notwithstanding indigence, a court must dismiss a matter under 28 U.S.C. § 1915(e)(2)(B) if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To survive an initial review, a complaint "must contain sufficient

---

[1] Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. The district court, however, must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

2

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S.544, 570 (2007)).

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A. Summary of the Complaint

Plaintiff filed his Complaint on September 9, 2024 [Doc. 1]. On September 30, 2024, the Court entered an Order explaining:

> The Court has reviewed the Complaint in this case, but it does not comply with Rule 8 [Doc. 1]. Plaintiff names as Defendants Robert Devereaux, Ph.D., Mike Hammond, and several state court judges, including Magistrate Richard Majors, Judge Greg McMillian, Judge W. Neal McBrayer, Judge D. Michael Swiney, and Judge Arnold B. Golding [*Id*. at 1]. Plaintiff states that the Fourth Circuit Court in Knox County, Tennessee, and the Tennessee Court of Appeals discriminated against him, violated his civil rights, and violated his rights under the Fourteenth Amendment to the United States Constitution [*Id*.]. He claims the courts destroyed evidence, and he references "character assassins, plagiarism, and denial of a fair trial" [*Id*.]. Plaintiff alleges that "[t]he court . . . lied about [a] call to the court" [*Id*. at 2].

[Doc. 9 p. 2]. The Court allowed Plaintiff the opportunity to amend his Complaint instead of recommending that it be dismissed [*Id*. at 2–3]. On October 30, 2024, Plaintiff filed an Amended Complaint [Doc. 13].

Plaintiffs' Amended Complaint names as Defendants: (1) Robert L. Devereaux, Ph.D., ("Dr. Devereaux"), (2) Dr. Marth Jane Smith ("Dr. Smith"), (3) Magistrate Richard Majors ("Magistrate Majors"), (4) Judge Gregory McMillan, ("Judge McMillan") and (5) Mike Hammond ("Mr. Hammond"), the Knox County Criminal Clerk of Court [Doc. 13 p. 1]. In February 2022, Plaintiff was receiving treatment at Pain Consultants of East Tennessee, where Dr. Devereaux and Dr. Smith are employed [*Id.* at 1, 6]. During an appointment, an individual counted Plaintiff's pills and stated that Plaintiff was 47 short [*Id*. at 6]. He was told that he would not be kicked out of the clinic, but on March 21, 2022, the clinic declined to further treat him [*Id*.].

It appears that Dr. Devereaux received an order of protection against Plaintiff [*Id*. at 3, 6]. Plaintiff denies he was stalking Dr. Devereaux, but instead, he wanted to know how Dr. Devereaux arrived at his evaluation [*Id*.]. Plaintiff was supposed to appear on July 28, 2023, for a court date [*Id*. at 2]. He, however, was in the hospital from July 26, 2023, through July 27, 2023 [*Id*. at 3, 4–5]. He called the court while he was still at the hospital to let it know of his whereabouts [*Id*. at 3]. Nevertheless, he was found guilty without a trial, and Magistrate Majors issued an order of protection [*Id*. at 2, 6]. Plaintiff brought his hospital discharge papers and placed them in his court file, but they were no longer there [*Id*. at 2].

Plaintiff states that he has filed many complaints against Mr. Hammond, who has not responded [*Id*.]. He further claims the judge was involved in a conspiracy to cover up his case, and he did not receive his right to a fair trial. [*Id*.]. Plaintiff explained his whereabouts on July 26 and July 27, 2023, to the court clerk, and she provided him with a request to set aside the judgment

[*Id*.]. According to Plaintiff, Judge McMillan lied about Plaintiff's paperwork not being in the court file when he refused to set aside the order of protection [*Id*. at 3].

Based on the above, Plaintiff claims that Magistrate Majors, Judge McMillan, and Mr. Hammond violated his Sixth Amendment rights [*Id*. at 2, 3]. Plaintiff claims that Dr. Devereaux engaged in false billing practices, made false claims in Plaintiff's evaluation, and made false claims to receive an order of protection [*Id*. at 3]. Dr. Smith aided Dr. Devereaux's false claims [*Id*.]. Plaintiff requests that the Court clear his criminal record, award him compensatory damages, and fire Magistrate Majors and Judge McMillan [*Id*. at 2, 3].

**B.     Screening the Complaint**

Starting with the claims made against Magistrate Majors, Judge McMillan, and Mr. Hammond, Plaintiff alleges violations of his Sixth Amendment rights. Although Plaintiff does not reference 42 U.S.C. § 1983, in light of his pro se status, the Court will construe his claim as such. *See Roath v. Lee*, No. 3:17-CV-00995, 2019 WL 3066533, at *6 (M.D. Tenn. July 12, 2019) ("Section 1983 provides the exclusive remedy for the constitutional claims." (citation omitted)); *Alexander v. Mitchell Carter*, No. 1:15-CV-69, 2018 WL 1124959, at *2 (E.D. Tenn. Mar. 1, 2018) (construing the pro se plaintiff's claims against the state defendants as violations of 42 U.S.C. § 1983 despite him "not identif[ing] the basis for the Court's jurisdiction"). This statute allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

5

The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

"[T]he Sixth Amendment does not govern civil cases." *Turner v. Rogers*, 564 U.S. 431, 441 (2011); *see also United States v. Vilar*, 979 F. Supp. 2d 443, 445 (S.D.N.Y. 2013) ("The Sixth Amendment, however, by its terms, is limited to 'criminal prosecutions.'" (quoting U.S. Const. amend. VI)). Plaintiff's Complaint seems from an order of protection, which is a civil proceeding in Tennessee. *Devereaux v. Brooks*, No. E2023-01246-COA-R3-CV, 2024 WL 3949609, at *2 (Tenn. Ct. App. Aug. 27, 2024) (calling Mr. Devereaux's order of protection a "civil case"); *see also Gibson v. Bikas*, 556 S.W.3d 796, 807 (Tenn. Ct. App. 2018) ("[T]he instant action seeking an order of protection is a civil proceeding[.]"); *Gillett v. Molthan*, No. M201601628COAR3CV, 2017 WL 1535104, at *8 (Tenn. Ct. App. Apr. 27, 2017) ("Because the current proceeding is a civil proceeding [on an order of protection], the concept of double jeopardy cannot come into play." (citation omitted)). Plaintiff's claims under the Sixth Amendment, therefore, fail.[2]

---

[2] Even if Plaintiff's state case were of a criminal nature, his claims would be barred by *Heck v. Humphrey*, wherein the Supreme Court stated that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[,] . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 487 (1994). Here, Plaintiff claims that he did not receive a fair and open trial and that Judge McMillan violated his rights by refusing to set aside the order of protection. There are no allegations that Plaintiff's order of protection has been reversed. Indeed, the allegations suggest otherwise [Doc. 13 p. 2]. Thus, to the extent his order of protection could be considered a criminal proceeding, it is barred by *Heck*. *See Benanti v. Lewin*, No. 3:19-CV-237, 2019 WL 13249467, at *2 (E.D. Tenn. July 16, 2019) (dismissing the complaint that alleged the

6

Case 3:24-cv-00369-CEA-JEM    Document 14    Filed 11/25/24    Page 6 of 9    PageID #: 68

With respect to the claims against Dr. Devereaux and Dr. Smith, Plaintiff identifies the False Claims Act ("FCA") [Doc. 13 pp. 1, 2]. "The [FCA] 'prohibits any person from making false or fraudulent claims for payment to the United States.'" *McGhee v. Light*, 384 F. Supp. 3d 894, 897 (S.D. Ohio 2019) (quoting *Graham Cnty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 545 U.S. 409, 411 (2005)). With respect to false billing, the FCA is enforced by the Attorney General or private litigants. 31 U.S.C. §§ 3730(a) & (b)(2). But a litigant alleging a violation of the FCA brings the action in the Government's name. 31 U.S.C. § 3730(a)(2)(1) ("The action shall be brought in the name of the Government.").

Although Plaintiff does not include any facts supporting his claim that Dr. Devereaux and Dr. Smith engaged in false billing practices in violation of the FCA, "this Court lacks subject matter jurisdiction to hear a *qui tam* action brought on behalf of the United States by a *pro se* litigant." *Brantley v. Title First Titling Agency*, No. 1:12-CV-608, 2012 WL 6725592, at *3 (S.D. Ohio Sept. 27, 2012) (citations omitted), *report and recommendation adopted*, No. 1:12CV608, 2012 WL 6725591 (S.D. Ohio Dec. 27, 2012). "Although the FCA does not expressly address whether a private individual can bring a *qui tam* suit *pro se*, the courts that have considered the issue have uniformly held that *pro se* relators may not prosecute *qui tam* actions." *Id*. (collecting cases). The undersigned therefore recommends that this claim be dismissed.

To the extent Plaintiff makes any state-law claims against Dr. Devereaux and Dr. Smith (i.e., falsifying records of patients), there is no basis for supplemental or diversity jurisdiction. Federal courts have jurisdiction over state-law claims when there is diversity of citizenship,

---

plaintiff did not receive a fair trial during the screening process as barred by *Heck*); *Nixon v. Doherty*, No. 5:18-CV-1099, 2018 WL 4539394, at *2 (N.D. Ohio Sept. 21, 2018) (dismissing the complaint at the screening process because the "plaintiff's success on any § 1983 claim that he was deprived of federal rights and 'not given a fair, impartial trial' in his Portage County criminal cases would necessarily imply the invalidity of his state convictions").

7

meaning the parties are "citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity of citizenship exists where (1) the plaintiff is a citizen of one state and all of the defendants are citizens of other states, and (2) the amount in controversy is more than $75,000. *Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013). While Plaintiff seeks millions of dollars in compensatory relief, he has not alleged facts to show that diversity of citizenship exists in this case. Based on the allegations in the Complaint, and reasonable inferences from those allegations, Plaintiff, Dr. Devereaux, and Dr. Smith are citizens of Tennessee [*See* Doc. 13 p. 1].

### C. Amendment

The Court has considered whether Plaintiff should be allowed to amend his Complaint. But the Court has allowed Plaintiff to file an Amended Complaint. In addition, given that many of Plaintiff's claims are barred as a matter of law, justice does not require allowing another amendment.[3]

## III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis [**Doc. 2**]. But no process shall issue until the District Judge has ruled upon this

---

[3] This is not the first time Plaintiff's complaint has been dismissed at the screening stage. *See, e.g.*, *Brooks v. Smelyansky*, No. 3:24-cv-1, Doc. 8 (E.D. Tenn. Jan. 31, 2024); *Brooks v. Medstar Health Solution*, No. 3:22-cv-389, Doc. 6 (E.D. Tenn. June 1, 2023); *Brooks v. Netherlands Ins.*, No. 3:13-cv-5, Doc. 5 (E.D. Tenn. Feb. 25, 2013); *Brooks v. Sharp*, No. 3:10-cv-368, Doc. 5 (E.D. Tenn. Sept. 10, 2010); *Brooks v. Lindsay-McDaniel*, No. 3:10-cv-367, Doc. 5 (E.D. Tenn. Sept. 10, 2010); *Brooks v. Harber*, No. 3:10-cv-366, Doc. 5 (E.D. Tenn. Sept. 10, 2010); *Brooks v. LaVassure*, No. 3:10-cv-365, Doc. 5 (E.D. Tenn. Sept. 10, 2023); *Brooks v. Swann*, No. 3:10-cv-364, Doc. 5 (E.D. Tenn. Sept. 10, 2010); *Brooks v. Elrod*, No. 3:10-cv-363, Doc. 5 (E.D. Tenn. Sept. 10, 2010); *Brooks v. 4th Circuit Court of Knox Cnty.*, No. 3:10-cv-362, Doc. 5 (E.D. Tenn. Sept. 10, 2010); *Brooks v. Swann*, No. 3:10-cv-283, Doc. 50 (E.D. Tenn. Aug. 9, 2010); *Brooks v. Swann*, No. 3:10-cv-291, Doc. 7 (E.D. Tenn. July 29, 2010); *Brooks v. Sharp*, No. 3:08-cv-396, Doc. 4 (E.D. Tenn. Oct. 22, 2008). In one case, the Court dismissed his complaint on a motion to dismiss, *see Brooks v. Hofmann*, No. 3:13-cv-278, Doc. 21 (E.D. Tenn. June 19, 2014), and in another case, the Court dismissed for failure to prosecute, *see Brooks v. Sharp*, No. 3:08-cv-445, Doc. 5 (E.D. Tenn. July 16, 2009).

Report and Recommendation[4] because the undersigned **RECOMMENDS**[5] that the Amended Complaint [Doc. 13] be **DISMISSED** in its entirety.

Respectfully submitted,

*Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[4] This matter is to be presented to the Chief District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[5] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).